No. 27,220.

C. M. Day, *Appellee*, v. The First National Bank, *Appellant*.

MEMORANDUM DENYING A REHEARING.

Appeal from Mitchell district court; William R. Mitchell, judge. Opinion denying a rehearing filed May 7, 1927. (For original opinion of affirmance see *ante*, p. 151.)

*Frank A. Lutz* and *Amzie E. Jordan*, both of Beloit, for the appellant.

*R. M. Anderson*, of Beloit, for the appellee.

The opinion of the court was delivered by

Burch, J.: In the opinion the court said that in April following the negotiations out of which the litigation arose, Carroll sold the land which he offered to trade for the bakery, the name of the purchaser was inserted in the deed, the grantors in the deed acknowledged it, and the deed was delivered to the purchaser. Defendant challenges the correctness of this statement of facts, and goes so far as to say there was absolutely no evidence, and nothing in the record, to substantiate the statement.

Defendant quotes from Carroll's testimony as follows: "The

Appeal and Error, 4 C. J. p. 629 n. 84.

Day v. First Nat'l Bank.

name of the grantor was acknowledged, wasn't it? Why, yes, sir, sure."

The court did not overlook this testimony. It appeared in the counter abstract in the following connection:

"Cross-examination [of Carroll]: After stating he didn't know what became of the deed, continuing, 'We traded it off some time, but where it is now, I do not know.'

"Reëxamination: Now, when you say acknowledged, your name wasn't written in? No, sir.

"The name of the grantor was acknowledged, wasn't it? Why, yes, sir, sure."

Before that, Carroll had testified as follows:

"Q. Will ask if the deed was acknowledged? A. I don't think so; no, sir."

In the course of his testimony Carroll testified twice that he delivered the same deed to the purchaser to whom he sold the land, and the abstract of title disclosed that the deed was acknowledged on April 15, 1923, three months after the trade for the bakery fell through. Day was asked if the grantor's name was on the deed which Carroll showed him, and he said it was. That was apparently the subject of inquiry in the examination of Carroll first quoted above, and in view of all the testimony, it is perfectly clear the deed to Carroll's purchaser was the deed Carroll expected to use in the trade with Day.

The petition for rehearing states that the subject of minimizing damages was raised by defendant in seven specified ways in the district court. This court is bound by the record, and the following is all that defendant's abstract discloses which might by any possibility refer to the subject:

"The defendant filed a list of requested instructions, all of which were refused. The requested instructions included that under the pleadings and evidence in this case no loss of profits were recoverable."

The defendant's brief did not mention the subject, and further discussion of it is obviously unnecessary.

The petition for rehearing is denied.